JS6

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | 2:25-CV-00231-RGK-MAA | Date | February 24, 2025 |
|---|---|---|---|
| Title | *MEHRNAZ ASSEF v. MERCEDES-BENZ USA, LLC* | | |

| Present: The Honorable | R. GARY KLAUSNER, U.S. DISTRICT JUDGE | | |
|---|---|---|---|
| Joseph Remigio (Not Present) | Not Reported | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiff:  Attorneys Present for Defendants:

Not Present  Not Present

**Proceedings:**       (IN CHAMBERS) Order Re: Order Remanding Action to State Court

On December 6, 2024, Mehrnaz Assef ("Plaintiff") filed a Complaint against Mercedes-Benz USA, LLC ("Defendant") alleging violations of the Song-Beverly Warranty Act.

On January 9, 2025, Defendant removed the action to federal court alleging jurisdiction on the grounds of diversity of citizenship. On January 23, 2025, upon review of Defendant's Notice of Removal, the Court issued an Order to Show Cause re Lack of Subject Matter Jurisdiction, which Defendant responded to on January 31, 2025. Upon review of Defendant's Response to OSC, the Court hereby remands the action for lack of subject matter jurisdiction.

Pursuant to 28 U.S.C. § 1332, district courts shall have original jurisdiction over any civil action in which the parties are citizens of different states and the action involved an amount in controversy that exceeds $75,000. After a plaintiff files a case in state court, the defendant attempting to remove the case to federal court bears the burden of proving the amount in controversy requirement has been met. *Lowdermilk v. United States Bank Nat'l Ass'n*, 479 F.3d 994, 998 (9th Cir. 2007). If the complaint does not allege that the amount in controversy has been met, the removing defendant must plausibly allege in its notice of removal that the amount in controversy exceeds the jurisdictional threshold. *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 553-54(2014). Whether or not the plaintiff challenges these allegations, a court may still insist that the jurisdictional requirement has been established by a preponderance of the evidence. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566–67 (9th Cir. 1992).

In its Response to OSC, Defendant reiterates that the total payments under the Installment Contract for the vehicle is $54,292.80, and that along with civil penalties and attorneys' fees, the amount in controversy is $162,878.40.

JS6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:25-CV-00231-RGK-MAA | Date | February 24, 2025 |
|---|---|---|---|
| Title | *MEHRNAZ ASSEF v. MERCEDES-BENZ USA, LLC* | | |

Under Song-Beverly, a plaintiff can collect restitution "in an amount equal to the actual price paid or payable by the buyer" for the automobile. Cal. Civ. Code § 1793.2(d)(2)(B). Courts have held that in the context of an automobile lease, the actual price paid or payable by the buyer extends only to those payments made in fact by the lessee rather than to all payments which might be due for the remainder of the lease term. *Brady v. Mercedes-Benz USA, Inc.*, 243 F.Supp. 2d 1004, 1007 (N.D.Cal. 2002). Yet, with respect to a car that is purchased, there is little guidance as to whether the purchaser should recover both the amount already paid, as well as the outstanding loan balance. However, where the interest in the contract is owned by an entity related to Defendant, it stands to reason that the installment contract is akin to a lease agreement for purposes of calculating amount in controversy.

Here, the evidence shows that in 2022, Plaintiff entered into a Retail Installment Sale Contract, with financing from Mercedes-Benz Financial Services USA, LLC, a corporation presumably related to Defendant. Here, sale contract shows zero down payment, and a monthly payment obligation of $904.88 starting February 11, 2023. Therefore, to date, Plaintiff has paid approximately $21,717.12 for the vehicle. Using this amount as the purchase price paid, as well as Defendant's stated mileage offset of $1,808.10, the restitution amount is $19,909.02. With $19,909.02 as the starting point, even if civil penalties were added, the Court finds that Defendant has failed to meet its burden of showing that the amount in controversy exceeds $75,000.[1]

In light of the foregoing, the action is hereby **remanded** to state court for all further proceedings.

**IT IS SO ORDERED.**

cc: LASC, 24STCV32148

|  : |
|---|
| Initials of Preparer     JRE/vc |

---

[1] As Defendant points out, Plaintiff would be entitled to attorneys' fees if the action succeeds. However, given that damages fall well below the jurisdictional minimum, and in light of the speculative nature of attorneys' fees, the Court finds it improper to rely on attorneys' fee to meet the jurisdictional requirement.